[No. 25633.   Department One.   December 12, 1935.]

MARY BELLE ALLEN, *Individually and as Executrix, Appellant,* v. LAURA ALLEN *et al., Respondents and Cross-appellants.*[1]

[1] Reported in 52 P. (2d) 353.

628

*Chambers & Masuda* and *Fred C. Campbell,* for appellant.

*Allen & Wilkins* (*Chas. R. Carey,* of counsel), for respondents.

BEALS, J.—Plaintiff, Mary Belle Allen, and Walter B. Allen were husband and wife for many years prior to November 20, 1930, when Walter B. Allen died as the result of an accident. Defendants Jay C. Allen and Laura Allen were, during all of the transactions which are the subject matter of this action, husband and wife. Jay C. Allen and Walter B. Allen were brothers and were both lawyers engaged in active practice. Some time after this cause was tried, though prior to the entry of the decree, defendant Laura

Allen died, and her personal representatives were substituted as parties defendant.

By her amended complaint, filed March 9, 1932, plaintiff, suing individually and as executrix, sought to set aside a sheriff's deed conveying to Laura Allen a tract of real estate in King county, upon the ground of inadequacy of consideration and fraud; plaintiff also seeking to recover judgment for ten thousand dollars, being the amount of the proceeds of a policy of accident and life insurance on the life of Walter B. Allen, which death benefit was collected by Jay C. Allen, the named beneficiary.

Upon the issue concerning the title to the real estate, the trial court found in favor of the defendants, quieting their title to the real estate as against plaintiff, subject to a right on plaintiff's part to obtain title to the property by carrying out a contract whereby Laura and Jay C. Allen agreed to sell the land to Walter B. Allen, the court establishing by its decree the amount which plaintiff would be required to pay under this contract. Upon the issue concerning the proceeds of the insurance policy, the trial court found that this policy had been taken out for the purpose of securing payment to defendants of advances made by Laura Allen to Walter B. Allen, and that the ten thousand dollars paid under the policy should be credited upon the real estate contract above referred to.

Plaintiff has appealed from the decree, in so far as the same denied to her the relief which she sought, and defendants have cross-appealed from that portion of the decree crediting the proceeds of the insurance policy upon the real estate contract. For convenience, the parties will be referred to as plaintiff and defendants.

Plaintiff makes sixteen assignments of error, while

defendants complain only of the ruling of the trial court above referred to. The plaintiff's contentions will be discussed in the course of the opinion.

It appears that plaintiff and Walter B. Allen acquired title to the tract of real estate involved in this action during the year 1919, and that they occupied the same as their home up to Mr. Allen's death. January 9, 1920, Mr. and Mrs. Walter B. Allen mortgaged the property to Washington Mutual Savings Bank to secure payment of twenty-five hundred dollars. Under date May 7, 1926, this mortgage was assigned to Laura Allen. December 5, 1924, Mr. and Mrs. Allen mortgaged the property to Laura Allen to secure payment of the sum of ten thousand dollars. By quitclaim deed, dated October 9, 1925, recorded the following day, Mr. Allen conveyed his interest in the property to plaintiff.

During the year 1919, Walter B. Allen purchased a combination accident and life insurance policy, naming plaintiff as beneficiary, which policy lapsed in 1921. During the spring of 1925, he took out another policy, naming plaintiff as beneficiary, which policy lapsed the following year. June 14, 1926, Mr. Allen took out a new policy, providing for the payment of ten thousand dollars in case of his death by accident, naming Jay C. Allen as beneficiary as to this payment. This policy was continued in effect until Mr. Allen's death, the proceeds thereof being the ten thousand dollars hereinabove referred to.

During the year 1926, one Nelse Mortensen brought an action against the Walter Allens, praying the foreclosure of a lien upon the real estate here in question. June 5, 1926, the property was sold to Mr. Mortensen at foreclosure sale, and the following day Laura Allen obtained an assignment of Mr. Mortensen's certificate of purchase, paying therefor the sum

of $1,435.98. June 10, 1927, Laura Allen obtained a sheriff's deed to the property, pursuant to this certificate of purchase.

Meanwhile, during May or June, 1926, Walter B. Allen and Laura Allen had an accounting and an agreement concerning the financial matters which had been pending between them. Plaintiff contends that, at this time, Walter Allen paid his sister-in-law $19,775.12, in full of all sums which he and plaintiff then owed Mrs. Allen. It appears that there was included in this settlement an item of five thousand dollars, as compensation for an alleged injury suffered by Laura Allen as the result of an assault upon her by plaintiff, Mary Belle Allen. Plaintiff vigorously attacks this item, contending that the payment thereof by her husband was unwarranted and fraudulent as to her, in that the damages suffered by Laura Allen as the result of being struck by plaintiff were insignificant and could not exceed one hundred dollars.

The trial court filed a memorandum opinion, and in its decree adopted the same as findings of fact. It appears from the evidence that December 7, 1928, Laura and Jay C. Allen contracted to sell to Walter Allen the real property for the sum of sixteen thousand dollars, which defendants contend was the amount of Laura Allen's investment in the property up to October 1, 1929; Walter Allen to repay, in addition, any sums which would subsequently be paid on account of insurance, taxes or assessments. The trial court found that the evidence did not show any forfeiture of this contract and accordingly, by the decree, granted to plaintiff the right to carry out the contract within a time specified, which time has not yet expired.

During a considerable portion of the time covered by the negotiations hereinabove referred to, Walter

Allen was acting as attorney for Ella S. Rosenberg, whom he also represented as her attorney-in-fact. Mrs. Rosenberg desired to borrow seventy-five thousand dollars from Laura Allen, and, during the late spring or early summer of 1926, a deal was consummated, which resulted in a mortgage from Mrs. Rosenberg to Laura Allen, part of the transaction being the assignment by Laura Allen to Mrs. Rosenberg of the two mortgages, above referred to, owned by Laura Allen and executed by Mr. and Mrs. Walter B. Allen.

It was during this period of time that the accounting was had between Walter Allen and Laura Allen, and it is agreed by all parties that the accounting showed that there was due to Laura Allen $19,775.12, this sum including the two mortgages. Mrs. Rosenberg had agreed that, of the seventy-five thousand dollars to be loaned her by Laura Allen, Walter Allen should have twenty thousand for his personal use, and Laura Allen (with Walter Allen's consent) retained out of the seventy-five thousand dollars the sum due her from Walter Allen, as above set forth, disbursing the balance of the loan on Walter Allen's order, as Mrs. Rosenberg's attorney-in-fact.

During the month of September, 1926, Mrs. Rosenberg reassigned to Laura Allen the two Walter Allen mortgages, together with the notes secured thereby.

Plaintiff first assigns error upon a ruling of the trial court allowing defendants to amend their answer by what was practically a trial amendment, plaintiff contending that the ruling of the court should be held to be an abuse of judicial discretion. The cause was tried upon plaintiff's amended complaint, which was served April 6, 1932. In this complaint, it was alleged that the two mortgages executed by Walter Allen, hereinabove referred to, had been paid. The truth of this allegation was admitted by

defendants' answer, although it clearly appears that defendants contended that the mortgages had not been paid.

May 24, 1933, defendants served upon plaintiff's counsel a copy of a proposed amended answer denying the allegation above referred to. On the trial, which opened July 13, 1933, the matter of the filing of the amended answer was brought up, and the court allowed the same to be filed and also allowed defendants to offer testimony to the effect that the mortgages had not been paid. The court inquired of plaintiff's counsel if a continuance was desired because of this ruling and offered to allow plaintiff additional time within which to take Mrs. Rosenberg's deposition.

We find no error in the ruling complained of. Such matters rest largely within the discretion of the trial court. Under the circumstances here shown, this being an equity case involving complicated issues of fact, the trial court correctly ruled that defendants might file their amended answer and offer evidence under the allegations thereof. By offering plaintiff a continuance or an opportunity to take further evidence, if desired, plaintiff received all the consideration to which she was entitled.

Plaintiff complains of rulings of the trial court admitting, over her objection, evidence of "payments made by defendants to or for the benefit of Walter Allen prior to June 10, 1927." Defendants in their answer set forth the contract dated December 7, 1928, whereby Laura and Jay Allen agreed to sell the real estate to Walter Allen. They also alleged that they had made advances to Walter Allen subsequent to June 6, 1926, and that, on the date of the contract, they had invested in the property upwards of eighteen thousand dollars. Plaintiff argues that defendants in

their proof should have been limited to evidence in conformity to the recitals in the contract, and that evidence as to any advances made prior to June 10, 1927, the date referred to in the contract, were inadmissible as without the terms of the contract and within the parol evidence rule.

We find no error in the rulings complained of. The trial court properly allowed the evidence to take a wide range. At the time the contract was entered into, the property stood in the name of Laura Allen. If deemed material, the trial court could properly receive evidence as to the course taken in the negotiations between the parties. Testimony which proved to be immaterial or incompetent would, of course, be disregarded. We find no error in connection with the admission of this evidence.

■ Defendant Jay C. Allen testified as to the delivery of the assignments of the two Walter Allen mortgages from Laura Allen to Ella Rosenberg to Walter Allen as Mrs. Rosenberg's attorney-in-fact. He also testified that Walter Allen had delivered to Laura Allen and himself reassignments of these mortgages from Mrs. Rosenberg, and that the consideration for the reassignment of these two mortgages moving from Laura Allen to Mrs. Rosenberg was delivered to Walter Allen as Mrs. Rosenberg's attorney-in-fact. Plaintiff argues that this evidence was improperly admitted, as constituting testimony as to transactions with a party in interest who died before the trial.

While it is true that Walter Allen had possibly a remote interest in connection with the outcome of the transactions between Laura Allen and Mrs. Rosenberg, as to matters concerning which Jay Allen testified, Walter Allen was then acting for his client, Mrs. Rosenberg, as her attorney-in-fact, and not for him-

self. The testimony did not fall within the bar of the statute, and was properly admitted. It was not a transaction with the deceased; it was a transaction with his client and principal.

Plaintiff contends that it should be held that the two notes secured by mortgages owned by Laura Allen, above referred to, were paid in full when the nineteen thousand odd dollars was retained by Laura Allen out of the loan which she made to Ella Rosenberg, and that the notes and the mortgages securing the same thereby became void obligations. Mrs. Rosenberg was not a party to this proceeding and did not testify at the trial thereof. Just what the financial arrangements were between her and her attorney, Walter Allen, does not appear. Mrs. Rosenberg, in her telegram to Laura Allen, stated that twenty thousand dollars of the loan was for Walter Allen's personal use. In the transaction, Walter Allen represented Mrs. Rosenberg and procured the assignments of the notes and mortgages to her. On the record before us, it cannot be held that the trial court erred in refusing to find and hold that the notes and mortgages had been paid.

Plaintiff attacks defendants' evidence in support of their contention that Laura Allen had paid Mrs. Rosenberg thirteen thousand dollars for a reassignment of the notes and mortgages. Upon this question of fact, the evidence supports the decree and discloses no reason for overruling the court on this phase of the case.

Plaintiff next contends that the trial court erred in refusing to set aside the sheriff's deed conveying the real property to Laura Allen, and in denying plaintiff any relief upon her first cause of action. Plaintiff argues that she was ignorant of the transactions between her husband and Laura Allen which

resulted in the expenditure of thousands of dollars by the latter in buying up claims against the property of plaintiff and her husband, evidently at Walter Allen's suggestion, and as he evidently thought, for the protection and advantage of the Walter Allens. Plaintiff introduced evidence to the effect that the property was, during the years 1926 and 1927, worth upwards of thirty-five thousand dollars, and argues that the consideration paid by Laura Allen for the sheriff's deed was grossly inadequate.

It does not appear, however, that, in entering into the agreement to reconvey the property to Walter Allen, the vendors took any unconscionable advantage. Evidently, Laura Allen agreed to convey the land in consideration of the payment of an amount about equal to the aggregate of the sums she had loaned to, or expended for, her brother-in-law, or which he admitted were due to her. It clearly appears that Walter Allen agreed that the amount which his sister-in-law claimed was correct.

In this case, the evidence concerning some of the phases of the many transactions between the parties is not always as clear as might be desired, but the action was brought by plaintiff in an attempt to set aside a written contract, and before she can demand relief from a court of equity, the evidence must at least preponderate in her favor. We cannot find from the evidence that the price paid by Laura Allen for the certificate of purchase, considering the status of the property, was grossly inadequate. In any event, Walter Allen had, and plaintiff still has, the right to procure title to the land upon payment of what Walter Allen evidently believed was justly due to Laura Allen.

Plaintiff next contends that the court erred in decreeing that the agreement for the sale of the property was a valid and subsisting contract. Plaintiff

argues that the record contains no competent testimony to the effect that Laura Allen paid to or for Walter Allen the sixteen thousand dollars which, it is stated in the contract, represented her investment in the property.

We are convinced that it cannot be held from the evidence that the contract was tainted with fraud or lack of consideration, or was for any reason invalid. Apparently, it was entered into by all parties in good faith; certainly, defendants never attempted to forfeit the same, nor does the evidence show that they used the contract as a cloak for any unconscionable dealing. Walter Allen did not avail himself of the privileges accorded him by the contract, but the trial court, holding that the contract had never been forfeited, gave plaintiff an opportunity to perfect her title to the property by complying with the terms thereof. The trial court did not err in ruling that the contract was a valid obligation and, at the time of the trial, was in full force and effect.

In connection with this contract, plaintiff argues that the trial court erred in applying the ten thousand dollars, paid to Jay C. Allen as the proceeds of the policy of insurance on Walter Allen's life, upon the real estate contract, contending that this sum should be paid to her. Defendants also have appealed from this portion of the decree, contending that this ten thousand dollars belonged to defendants, and that that sum should not be credited upon the contract.

Plaintiff's argument in this connection is based upon her contention that there was no valid contract between the parties, and that it appears from the evidence that defendants relied upon the real estate itself as security and thereby abandoned any right to claim the proceeds of the insurance policy, basing

this argument in part upon their estimate of the value of the property and in part upon the fact that Laura Allen obtained, as further security from Walter B. Allen, a chattel mortgage upon his household furniture in the amount of two thousand dollars. Plaintiff also relies upon a letter, which is in evidence, written by Laura Allen to Walter, under date November 19, 1929, in which the writer states that she is the sole owner of the property, and that she will accept nineteen thousand dollars for her interest therein, if paid on or before May 1, 1930, and thereafter, to November 1, 1930, twenty thousand dollars.

We have carefully examined the letter in question, and considered it together with all the evidence in connection with plaintiff's argument upon this phase of the case. We are convinced that the death benefit paid thereunder was properly paid to the beneficiary named in the policy, and the trial court did not err in ruling that defendants were entitled to retain the same.

As to defendants' contention that they were entitled to retain this money without crediting the same upon the real estate contract, defendants rely upon evidence which is quoted *in extenso* in their brief. This matter has been carefully considered, and we are convinced that it cannot be held that the evidence preponderates against the finding of the trial court, or that, as matter of law, the ruling upon this phase of the case was erroneous. As stated by the trial court, the parties were nearly related, and evidently, at least in so far as Walter Allen was concerned, the relations were confidential and friendly.

In ruling upon this phase of the case, the trial court, as stated in its memorandum opinion, gave weight to the testimony of certain disinterested persons who testified as to statements made to them, respectively,

by Laura Allen. True, Mrs. Allen denied or sought to explain these statements, but on matters determined from the weight of the evidence, the finding of the trial court is extremely persuasive. Of course, as argued by Jay C. Allen, if the proceeds of the insurance policy became his separate estate, statements made by his wife are nowise binding upon him. Testimony, however, as to statements made by Mrs. Allen was properly considered by the trial court in determining the facts. Considering the case from all aspects, we are satisfied that neither plaintiff nor defendants can demand the reversal or modification of the decree upon this phase of the case.

Plaintiff next complains of the failure of the trial court to direct the satisfaction and cancellation of a chattel mortgage from Walter Allen to Laura Allen in the sum of two thousand dollars, bearing date December 7, 1928. This mortgage was not referred to in plaintiff's amended complaint, and plaintiff nowhere calls our attention to any portion of the record which indicates that she made any request to the trial court to the effect that the chattel mortgage be canceled by the decree. No reversible error appears in connection with this assignment of error.

Plaintiff vigorously contends that the trial court erred in refusing to allow her a credit upon the indebtedness to defendants in the amount of five thousand dollars, representing the amount apparently paid to Laura Allen by Walter Allen on account of damages which Mrs. Allen claimed to have suffered as the result of an assault upon her by plaintiff, Mary Belle Allen, in the course of which it was alleged that plaintiff struck Laura Allen upon the wrist. Plaintiff contends that this settlement between her late husband and Laura Allen amounted, in effect, to a gift of community property, and that, under the decisions

of this court, plaintiff may now recover back the amount paid. It clearly appears from the testimony that plaintiff did, during the month of August, 1925, go to Jay Allen's office and there assault Laura Allen. A disinterested witness testified that, on that occasion, plaintiff was under the influence of intoxicating liquor.

Plaintiff now testifies as to her complete ignorance concerning the transactions between her husband and his sister-in-law and brother. In connection with some of these matters, it is difficult to believe that she was as uninformed as she contends of her husband's financial affairs and of matters which vitally concerned the marital community of which she was a member. Of course, she may have been in a state of blissful ignorance concerning all of these matters, but it does not seem probable that such was the case. Her anger at Laura Allen and her assault upon the latter, and certain statements attributed to her upon that occasion, indicate that she was angry at Laura Allen because she said the latter claimed to have a mortgage upon the property. This might afford some reason for plaintiff's anger, but it is difficult to believe that, if she had such information, she would not follow it up by ascertaining the actual situation.

In this connection, as with other matters connected with the case, plaintiff apparently seeks to prove that her late husband was endeavoring to fraudulently deprive her of her legal rights in their community property. Plaintiff does not contend that she was ignorant of the effect of ordinary business transactions, or that she was laboring under any mental disability which would entitle her to special consideration. It does not appear that her husband refused to give her information which she requested, or that he deliberately misled her as to her or their property

rights. She did not deny that she had struck Laura Allen, although she argues that the resulting damage was insignificant.

While the amount apparently allowed Laura Allen in this connection seems large, we cannot find in the record any basis for holding that plaintiff may now recover anything from defendants.

The evidence clearly shows that Walter Allen, subsequent to December 15, 1929, paid Laura Allen, by seven different checks, the aggregate amount of $407.50. Plaintiff assigns error upon the failure of the trial court to give her credit for this sum, and defendants, in their answering brief, state that it was their contention that the amount was paid to apply on account of two checks for three hundred dollars and two hundred dollars, dated November 19, 1929, and February 27, 1930, respectively. These two latter advances to Walter Allen are specifically referred to in the decree and included in the total which plaintiff must pay in order to procure title to the real estate. We fail to find that the decree gives plaintiff credit for the $407.50, which it is admitted Walter Allen paid Laura Allen. The decree must accordingly be corrected to show such a credit.

Plaintiff makes some other assignments of error, most of which have been disposed of by the previous discussion of the case. As to the others, we are of the opinion that they are without merit.

The decree appealed from will be modified by giving plaintiff credit in the sum of $407.50 upon the contract providing for the purchase of the real estate therein referred to. As so modified, the decree will stand affirmed. The trial court will enter a modified decree in accordance with this opinion. Plaintiff, having procured substantial relief upon this appeal, will recover her costs in this court.

642

By its decree, the trial court gave plaintiff until January 1, 1936, to make the payments due under the contract. In view of the time which has elapsed upon this appeal, the modified decree to be entered pursuant to this opinion will extend the time accorded plaintiff in which to redeem the property to a date four months subsequent to the date of the entry of the new decree.

MILLARD, C. J., TOLMAN, MAIN, and GERAGHTY, JJ., concur.

